IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



REGINALD D. DAVIS, §
 §
    Petitioner, §
 §
VS. § NO. 4:07-CV-395-A
 §
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
 §
    Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein Reginald D. Davis is petitioner and Nathaniel Quarterman, Director, T.D.C.J., Correctional Institutions Division, is respondent. This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 22, 2008, the United States Magistrate Judge issued his proposed findings, conclusions, and recommendation, and ordered that the parties file objections, if any thereto, by August 12, 2008. Davis timely filed his objections, and respondent made no further response.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a _de novo_ determination of those portions of the proposed findings, conclusions, and recommendation to which specific objection is

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that Davis's petition be denied. As categorized by the Magistrate Judge, Davis asserts three grounds for relief in his petition: (1) the evidence was legally insufficient to support his conviction; (2) he was entitled to an instruction on the lesser included offense of felony murder; and (3) he received ineffective assistance of counsel at trial. As the Magistrate Judge discussed at length, Davis is not entitled to relief on any of his claims.

First, as to his insufficient evidence claim, Davis does not specifically object to the Magistrate Judge's findings, but rather re-urges his initial grounds for relief.[1] The court need not address such nonspecific objections. See Battle, 834 F.2d at 421.

Next, regarding his lesser included offense claim, Davis reurges his argument that the court should have instructed the jury on the lesser included offense of murder committed

---

[1] For each claim, Davis identifies the Magistrate Judge's specific language to which he objects, but fails to provide anything more than conclusory allegations to support each objection.

knowingly, not intentionally.² However, Davis makes no specific objections to the Magistrate Judge's conclusion that Davis's version of events during trial described an accidental shooting, which is inconsistent with a charge of murder committed knowingly. Davis also makes the conclusory argument that the state appellate court had evidence before it that supported the lesser included offense charge. The Magistrate Judge, however, concluded that the appellate court found no such evidence. Other than his conclusory allegations and arguments, which the court need not consider, Davis has offered no specific objection to the Magistrate Judge's findings nor has he raised a constitutional violation. See Battle, 834 F.2d at 421.

Finally, as to his ineffective assistance of counsel claim, Davis makes no specific objections to the Magistrate Judge's findings, but only argues that the court should hold an evidentiary hearing on this claim. Absent any specific objections, the court will accept the Magistrate Judge's findings.

---

²Davis initially challenged the trial court's failure to give an instruction on the lesser included offense of felony murder. Davis did not request such an instruction during trial and in fact argued that the instruction would not be appropriate. Davis later revised his complaint to challenge the trial court's denial of his request for an instruction on the lesser included offense of murder committed knowingly.

3

In a supplemental filing, Davis requested an evidentiary hearing to challenge the state court's findings of fact related to his ineffective assistance of counsel claims. The Magistrate Judge rejected Davis's request because he failed to establish that he diligently pursued the development of his claims in the state courts, he failed to identify any new constitutional law or factual information not previously available to him that would warrant a hearing, and because a federal habeas court is prohibited from substituting its credibility rulings for those of the state court simply because it disagrees with them. In response to these findings, Davis reiterates the reasons stated in his request for evidentiary hearing but again makes no specific objections. Davis cites <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003) for the proposition that the court "may disagree with the credibility determinations made by a state habeas court." However, the Magistrate Judge found no basis for any such disagreement by the court, nor did Davis provide any in his objections.

Therefore,

The court accepts the findings, conclusions and recommendation of the Magistrate Judge, and ORDERS that the

petition of Reginald D. Davis for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

The court further ORDERS that petitioner's request for evidentiary hearing, filed September 24, 2007, be, and is hereby, denied.

SIGNED August 21, 2008

_____
JOHN McBRYDE
United States District Judge